**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RONALD DIBLE; MEGAN DIBLE, husband and wife, | No. 08-16548 |
| Plaintiffs - Appellants, | D.C. No. 2:03-cv-00249-JAT |
| v. | |
| CITY OF CHANDLER, a municipality in the State of Arizona; CHANDLER POLICE DEPARTMENT, a law enforcement agency of the City of Chandler; BOBBY JOE HARRIS, Chandler Police Chief and husband; JUDY HARRIS, wife, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 21, 2009[**]
San Francisco, California

Before: SCHROEDER, CANBY and FERNANDEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In Appellant Ronald Dible's and Appellant Megan Dible's prior appeal to this court, we held the district court abused its discretion when it imposed sanctions on the Dibles pursuant to Rule 11 of the Federal Rules of Civil Procedure, because "Rule 11 does not provide for the imposition of sanctions upon the clients for the sins of their attorney." *Dible v. City of Chandler*, 242 Fed. App'x 473, 474 (9th Cir. 2007). After our mandate issued in that appeal, the district court granted Appellees' Rule 60(a) motion to correct a clerical mistake in the judgment and ordered the clerk of the court to vacate its prior judgment and enter an amended judgment imposing the Rule 11 sanctions against the Dibles' counsel. The Dibles now appeal the district court's order granting Appellees' Rule 60(a) motion. Because the district court did not abuse its discretion in granting the motion, we affirm.

The record clearly reflects the district court originally intended to impose the Rule 11 sanctions against the Dibles' counsel and not against the Dibles personally. The district court stated in its July 8, 2005, order that it was imposing the sanctions "against Plaintiffs' counsel" and set forth in detail counsel's conduct that supported the sanction award. Therefore, the district court's subsequent mistake in its February 13, 2006, order directing the clerk of the court to enter judgment on the sanction award "against Plaintiffs" was the type of "clerical

2

mistake" correctable under Rule 60(a).  *See Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).

AFFIRMED.